IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAMIRO GARZA,

        Plaintiff,                      No. CIV S-07-0829 GEB DAD P

    vs.

UNKNOWN,

        Defendant.               ORDER

_____/

        On May 1, 2007, plaintiff filed a document which is written entirely in the Spanish language. The court does not have the resources to have the document in question translated and does not provide translation services in civil actions. Under the circumstances, the court cannot determine whether plaintiff is challenging a conviction, pursuing a civil rights action, or seeking some other relief. The court will order plaintiff to file either a civil rights action or an application for a writ of habeas corpus using the form provided by the court and to do so in the English language. When a prisoner challenges the fact or duration of his custody and a determination of his action may result in plaintiff's entitlement to an earlier release, his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990). The proper mechanism for raising a federal challenge to

/////

1

conditions of confinement is through a civil rights action pursuant to 42 U.S.C. § 1983.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).

Plaintiff has failed to pay the filing fee or to file an application requesting leave to proceed in forma pauperis.  Plaintiff must submit $350.00 for a civil rights action, $5.00 for a habeas action, or an application requesting leave to proceed in forma pauperis on the form provided by the court.

On May 9, 2007, plaintiff filed a document with the following handwritten notation, "is my appeal going threw [sic][.]  need public defender I got no money." (Court document # 3.)  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  Moreover, there currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In any event, plaintiff has not provided sufficient information for the court to determine whether counsel should be appointed in this case.  Therefore, plaintiff's request will be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of this order, plaintiff shall file either his complaint or habeas petition on the form provided by the court; the complaint or petition must bear the docket number assigned to this case;

2. Within thirty days from the date of this order, plaintiff shall submit the appropriate filing fee or an application requesting leave to proceed in forma pauperis;

/////

3. Plaintiff's May 9, 2007 request for appointment of counsel is denied without prejudice; and

4. The Clerk of the Court is directed to provide plaintiff with the court's civil rights complaint, petition for a writ of habeas corpus, and application requesting leave to proceed in forma pauperis by a prisoner.

5. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: May 18, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
garz0829.amd